Kenneth J. Katz
Nicole D. Grunfeld
KATZ MELINGER PLLC
137 Fifth Avenue, 11th Floor
New York, New York 10010
Telephone: (212)460-0047
Facsimile:  (212)428-6811
Kjkatz@KatzMelinger.com
Ndgrunfeld@KatzMelinger.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JARED QUINONES,

    Plaintiffs,

-against-

BIG GEYSER INC.,

    Defendant.

Civil Action No.

COMPLAINT

Plaintiff, Jared Quinones, ("Mr. Quinones" or "Plaintiff"), by his attorneys, Katz Melinger PLLC, as and for his complaint against Defendant, Big Geyser Inc. ("Big Geyser" or "Defendant"), alleges as follows:

### PARTIES

1. Plaintiff Jared Quinones, at all relevant times, was an individual residing in New York and employed by Defendant as a Merchandiser.

2. At all relevant times Plaintiff was and still is an active member of the reserves of the United States Armed Forces, specifically as a member of the Air Force Reserves.

3. Defendant is a domestic corporation with a principal place of business located at 57-65 48th Street, Maspeth, NY 11378.

## JURISDICTION

4. Original jurisdiction of this Court is founded upon 28 U.S.C. § 1331, *et seq.* in that this is a civil action wherein the matters in controversy arise under the laws of the United States, particularly the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.*, as amended ("USERRA").

5. This Court also has pendent jurisdiction in connection with Plaintiff's causes of action under the New York State Human Rights Law, Executive Law § 290 *et seq.* ("NYSHRL") and the New York State Soldiers' and Sailors' Civil Relief Act, New York State Military Law § 317.

6. Venue is proper in this district as Defendant's principal place of business is in this district and all events comprising Plaintiff's claims occurred in this district.

7. Pursuant to 38 U.S.C. § 4323(a)(3)(A), Plaintiff has chosen not to apply to the Secretary of Labor for assistance under 38 U.S.C. § 4322(a).

8. Pursuant to 38 U.S.C. § 4323(a)(3)(B) Plaintiff has chosen not to request that the Secretary of Labor refer the complaint to the Attorney General under 38 U.S.C. § 4323(a)(1).

9. At all relevant times Defendant had more than 4 employees and was an employer as defined by the NYSHRL § 292.

## FACTS

10. Big Geyser holds itself out as "one of New York's largest independent non-alcoholic beverage distributors".

11. Big Geyser distributes beverages such as Coca-Cola's Vitamin Water and Smart Water, Nestle's Nesquik, Monster Energy drinks, Sunny D, Muscle Milk, Honest Tea, Apple & Eve juices, and Zico drinks, along with snack foods from Deep River Snacks and Pirate Brands.

12. Mr. Quinones was employed by Big Geyser beginning in 2009 as a merchandiser.

13. Mr. Quinones performed exceptionally for Big Geyser until November 2012, when he took a leave to serve in the United States Air Force.

14. Mr. Quinones served admirably for the United States of America in the Air Force from November 2012 through June 2013, when he returned from active duty.

15. After June 2013, Mr. Quinones continued to, and continues to, serve the United States of America in the Air Force Reserves.

16. Mr. Quinones' service in the Air Force Reserves requires that he participate in training one weekend each month.

17. In or around June 2013, Mr. Quinones attempted to return to work for Big Geyser but received resistance from Defendant.

18. Defendant eventually allowed Mr. Quinones to return to his job, only after discovering that they were required to rehire him under USERRA.

19. Since Mr. Quinones returned to work for Big Geyser in June 2013, he has performed all of his job duties and been an exceptional employee.

20. Mr. Quinones' job as a merchandiser for Big Geyser often requires him to work on weekends.

21. From June 2013 through September 2013, Mr. Quinones' supervisors, Michael Wodiska, the Merchandising Manager, and Mr. Steven Evangelista, the Sales Representative Manager, repeatedly harassed and threatened Mr. Quinones' employment because of his lack of availability to work one weekend a month.

22. Specifically on or about September 13, 2013, Michael Wodiska, in the presence of several employees, angrily informed Mr. Quinones, in a tirade of cursing and abusive language, that if he missed weekends of work then he would be fired,

referring to the weekends in which Mr. Quinones was training for his Air Force Reserves commitments, and further telling Mr. Quinones to find a new job.

23. On September 21, 2013, Big Geyser management continued its pattern of harassment and threats when Steven Evangelista threatened Mr. Quinones' employment and complained that he would have to cover Mr. Quinones' weekend work; the weekend during which Mr. Quinones was training for his Air Force Reserves commitment.

24. One week later, on September 27, 2013, after months of such harassment, Mr. Quinones' employment was terminated by Michael Wodiska for allegedly failing to answer his cell phone when a manager called.

25. Mr. Quinones was an exemplary employee and had never received any warnings, verbally or in writing, regarding his failure to respond to his manager's calls.

26. Big Geyser's explanation for terminating Mr. Quinones was pretextual and his termination was based on his active service in the Air Force Reserves.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 et. seq)*

27. Plaintiff repeats and realleges all prior allegations set forth above.

28. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his military status in the active reserves of the United States Air Force in violation of USERRA.

29. As a direct result of Defendant's discriminatory action, Plaintiff has suffered damages.

30. Plaintiff is entitled to judgment on the First Cause of Action against Defendant for all lost wages, liquidated damages, interest, litigation costs, expert witness fees and reasonable attorneys' fees, in amounts to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
*(New York State Human Rights Law, Executive Law § 290 et seq)*

31. Plaintiff repeats and realleges all prior allegations set forth above.

32. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his military status in the active reserves of the United States Air Force in violation of NYSHR § 296.

33. As a direct result of Defendant's discriminatory action, Plaintiff has suffered damages.

34. Plaintiff is entitled to judgment on the Second Cause of Action against Defendant for all lost wages; compensatory, emotional, and physical damages; and any other damages permitted by law in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
*(New York Military Law § 317)*

35. Plaintiff repeats and realleges all prior allegations set forth above.

36. Defendant terminated Plaintiff's employment without cause, within one year of his reemployment, in violation of New York Military Law § 317.

37. As a direct result of Defendant's unlawful action, Plaintiff has suffered damages.

38. Plaintiff is entitled to judgment on the Third Cause of Action against Defendant for all lost wages; and any other damages permitted by law in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests, pursuant to FRCP 38 (b), a jury trial on all claims so triable.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(A) On the First Cause of Action, all lost wages; liquidated damages; interest; and litigation costs, expert witness fees and reasonable attorneys' fees, in amounts to be determined at trial;

(B) On the Second Cause of Action, all lost wages; compensatory, emotional, and physical damages; and any other damages permitted by law, in an amount to be determined at trial;

(C) On the Third Cause of Action, all lost wages and any other damages permitted by law, in an amount to be determined at trial;

(D) Interest;

(E) Costs and disbursements; and

(F) Such other relief as the Court deems just and proper.

Dated: November 7, 2013
New York, New York

KATZ MELINGER PLLC

By: _____
Kenneth J. Katz
Nicole D. Grunfeld
Katz Melinger PLLC
137 Fifth Avenue, 11th Floor
New York, New York 10010
Telephone: (212)460-0047
Facsimile: (212)428-6811
Kjkatz@Katzmelinger.com
Ndgrunfeld@Katzmelinger.com
*Counsel for Plaintiffs*